# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES MILES, #B43017, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv−00709−SMY |
| | ) | |
| C/O RUE, | ) | |
| NURSE KATE, and | ) | |
| DR. SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Miles, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Danville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was in custody at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was attacked by another inmate and received inadequate medical care. He requests money damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On January 23, 2019,

following academic school, Plaintiff returned to his housing unit to find an inmate from the upper gallery out with the lower gallery inmates during dayroom privileges. Plaintiff looked for the west wing officer, Corrections Officer Rue, but could not find him. *Id.* at p. 7. He asked to be buzzed into his cell by the foyer officer. When he entered his cell, he was attacked by an unknown inmate and stabbed several times. After filing a grievance, Plaintiff learned that Officer Rue had let the unknown inmate from the upper gallery out during lower gallery inmates' dayroom time, despite knowing there was a risk that inmates could suffer irreparable harm. *Id.* at p. 8.

Following the attack, Plaintiff was treated by Nurse Kate in the Health Care Unit who told him that she was unable to do surgery. The next day, Plaintiff was rushed to an outside hospital and received seven stitches. *Id.* at p. 9. Upon his return to Lawrence, he was placed back in the Health Care Unit, but was not examined by Dr. Shah. When Plaintiff spoke to Dr. Shah, he told him that his pain medication was ineffective. Dr. Shah told Plaintiff to deal with the pain because there was nothing else that he could do. *Id.* at p. 10.

Based on the allegations in the Complaint, the Court designates the following Counts:

**Count 1:** Eighth Amendment failure to protect claim against Rue for allowing upper gallery inmates to mix with lower gallery inmates during dayroom times, despite knowing the safety risk.

**Count 2:** Eighth Amendment deliberate indifference to a serious medical need claim against Nurse Kate and Dr. Shah for failing to provide Plaintiff with adequate medical treatment following his attack.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the**

**Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

### Count 1

"A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Here, Plaintiff alleges that: (1) Officer Rue is responsible for ensuring that inmates are accounted for and that upper gallery inmates and lower gallery inmates receive separate times of dayroom privileges; (2) prior to the attack he searched for Officer Rue, but could not find him; and (3) Officer Rue knew that mixing inmates from the upper and lower galleries placed inmates at risk of suffering irreparable harm.

To be held liable under §1983, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)(quotations omitted). Claiming that Officer Rue was responsible for the inmates in Plaintiff's housing unit and allowed the upper and lower gallery inmates to mix does not suggest personal involvement by Officer Rue in the alleged constitutional deprivation or the requisite knowledge to support a failure to protect claim. *See Smith v. Rowe,* 761 F.2d 630 (7th Cir. 1985); *Farmer,* 511 U.S. at 842.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Additionally, although the Court is obligated to accept factual allegations as true, *see Smith v. Peters,* 631 F.3d 418, 419 (7th Cir. 2011), the Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* Because Plaintiff sets forth only conclusory statements with no factual support regarding Officer Rue's knowledge of the substantial risk to inmates' safety, Count 1 will be dismissed without prejudice. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**Count 2**

The Eighth Amendment prohibits cruel and unusual punishment of inmates and imposes an obligation upon prison officials to provide them with adequate medical care for serious medical conditions. *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011). A condition is considered sufficiently serious if failure to treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "A prisoner claiming deliberate indifference need not prove that the prison officials intended, hoped for, or desired the harm that transpired." *Haley v. Gross,* 86 F.3d 630, 641 (7th Cir. 1996). It is enough to show the defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk. *Id.* (citing *Farmer*).

Plaintiff alleges his injuries following the attack were serious enough that he was taken to an outside hospital for treatment and, following the hospital stay, was returned to the Health Care Unit for further recovery. He claims that when he was examined by Nurse Kate, he did not receive the treatment he needed and she failed to address his pain with adequate medication. He also claims that Dr. Shah administered ineffective treatment. At this juncture Plaintiff has alleged sufficient facts to proceed on Count 2.

### Motion to Appoint Counsel

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff has not provided the Court with any information regarding his attempts to obtain counsel. For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED without prejudice.** Because there are no other claims against **C/O RUE**, the Clerk of Court is **DIRECTED** to terminate him in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 2** shall proceed against **NURSE KATE** and **DR. SHAH.**

**IT IS FURTHER ORDERED** the Clerk of Court shall prepare for **NURSE KATE** and

**DR. SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the

costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/13/2019**

    *s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**